# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**MICHAEL EARL MURPHY, JR.**                                                **PLAINTIFF**

**v.**                                **CIVIL ACTION NO. 1:24-cv-00036-TBM-RPM**

**ANGELA BROWN**                                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte* on *pro se* Plaintiff Michael Earl Murphy, Jr.'s failure to comply with Court Orders. When he filed his Complaint, Plaintiff was an inmate housed at the Harrison County Adult Detention Center in Gulfport, Mississippi. [1], p. 2. His claims arise under 42 U.S.C. § 1983. [1], p. 1.

On February 26, 2024, the Court mailed Plaintiff a packet of information, including code provisions relevant to the prosecution of this lawsuit. [3], pp. 1-6. Plaintiff was ordered, "that if he . . . wants to continue with this case," to "sign the Acknowledgement (Form PSP-3) and return it to the Clerk of Court within thirty (30) days." [3], p. 1. Alternatively, Plaintiff was ordered, "that if he . . . wants to dismiss this case," to "sign the Notice of Voluntary Dismissal (Form PSP-4) and return it to the Clerk of Court within thirty (30) days." [3], p. 1. Plaintiff was "warned that his . . . failure to return one or the other of the forms within thirty (30) days and his . . . failure to advise this court of a change of address . . . may result in this case being dismissed sua sponte, without prejudice, without further written notice." [3], p. 2 (emphasis omitted). That Order [3] was mailed to Plaintiff at his last-known mailing address, and it was returned to the Court as undeliverable. [4], p. 1. Plaintiff did not comply with the Court's Order [3] within 30 days.

On April 4, 2024, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with a Court Order. [5], p. 1. Plaintiff's responsive deadline was extended to April 18, 2024, and he was warned again "that failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." [5], p. 2. The Order to Show Cause [5], with a copy of the Court's February 26 Order [3], was mailed to Plaintiff at his last-known mailing address, and it was also returned to the Court as undeliverable in an envelope marked, "released." [6], p. 1. Plaintiff did not comply with the Court's Order [5] by the April 18 deadline.

On May 2, 2024, the Court entered a Second and Final Order to Show Cause [7], directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [5] [3]." [7], p. 2. Plaintiff was ordered to file a written response on or before May 16, 2024. [7], p. 2. Plaintiff was also ordered, on or before the May 16 deadline, to comply with the Court's February 26 Order [3] "by signing and returning either the Acknowledgement (Form PSP-3) or Notice of Voluntary Dismissal (Form PSP-4)." [7], p. 2. Plaintiff was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court ***will be*** deemed a purposeful delay and contumacious act and ***will result*** in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." [7], p. 2 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [5] [3]." [7], p. 2. The Second and Final Order to Show Cause [7], with a copy of the Court's February 26 Order [3] and April 4 Order [5], was mailed to Plaintiff at his last-known mailing address, and it was also returned to the Court as undeliverable. [8], p. 1.

Plaintiff did not timely comply with the Second and Final Order to Show Cause [7], and he has not communicated with the Court about his lawsuit since February 5, 2024—the day he filed his Complaint. This inaction is despite being warned three times that a failure to comply with the Court's orders or to notify the Court about a change in address may lead to the dismissal of his case. *See* [3], p. 2; [5], p. 2; [7], p. 2.

The Court may dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hospitality Services, LLC*, No. 1:14-cv-83-HSO-RHW, 2016 WL 3166581, at *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). "Such a 'sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars' of the Court." *Id.* (quoting *Link*, 370 U.S. at 630-31). In this case, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Since Plaintiff has failed to comply with three Court Orders [3] [5] [7], the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failing to respond to a Court order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this matter is **DISMISSED WITHOUT PREJUDICE**.

**THIS, the 10th day of July, 2024.**

                                    **TAYLOR B. McNEEL**
                                    **UNITED STATES DISTRICT JUDGE**